IN THE MATTER OF THE PETITION OF THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK TO VACATE AN ASSESSMENT, ETC.

*Streets in New York—power to fix and establish their grades —* 1871, *chap.* 226, *sec.* 4.

Section 4 of chapter 226 of 1871 authorized the commissioner of public works to establish and fix the grades of the streets extending to the East river, north of East Fourteenth street and east of First avenue, "where the same have not been heretofore fixed and established by law."

*Held,* that the restriction imposed upon the commissioner by the concluding words of the section did not relate to streets the grades of which had been established by ordinances of the common council, passed in pursuance of the general laws relating to that subject, but only to those streets the grades of which had been fixed and established by express legislative acts.

APPEAL from an order of the Special Term vacating an assessment.

*J. A. Beall,* for the city of New York, appellant.

*C. E. Miller,* for the petitioner, respondent.

PER CURIAM:

The petitioner's property was assessed in this proceeding on July 3, 1875. In August, 1880, the petitioner sought to vacate the

assessment, upon the ground that the street was regulated upon an unlawful grade ; that the contract therefor was illegal, and that the flagging should have been laid twelve feet in width instead of four feet, as it was in fact laid.

The change of grade was made under the act of 1871. (See § 4, chap. 226, Laws of that year.) The commissioner of public works was authorized, within six months after the passage of that act, to establish and fix the grades of the streets extending to the East river north of East Fourteenth street and east of First avenue, " where the same have not been heretofore fixed and established by law."

The theory of the petition rests upon the concluding words, namely, " where the same have not been heretofore fixed and established by law ; " and it insists that, as the grade of One Hundred and Sixth street was fixed and established by the common council in December, 1853, that street was not one of which it could be said that the grade had not theretofore been fixed and established by law. We think that this construction of the section referred to was erroneous, and that the legislature meant to confer the power upon the commissioner to make the change of grade in cases where they had not directly interfered by direct statute for the particular purpose designated. The instances in which the common council, under the general laws relating to the subject, had established the grade, were not those contemplated by the language upon which the petition relies, namely, " where the same have not been heretofore fixed and established by law."

We are unable to perceive how the petitioner could be injured by the omission to lay the flagging twelve feet wide instead of four.

The expense must have been diminished by such a proceeding, and the petitioner therefore benefited.

The subsequent flagging of twelve feet must necessarily, in such a case, be paid for by general taxation.

For these reasons we think the order appealed from should be reversed.

Present — Davis, P. J., and Brady, J.

Order reversed.